**Delia POLANCO, Plaintiff,**

v.

**NCO PORTFOLIO MANAGEMENT, INC., Defendant.**

**No. 11–CV–7177 (DAB).**

United States District Court, S.D. New York.

Signed Jan. 26, 2015.

Ahmad Keshavarz, Ahmad Keshavarz, Law Offices, Brooklyn, NY, for Plaintiff.

Aaron R. Easley, Sessions, Fishman, & Nathan & Israel LLC, Flemington, NJ, for Defendant.

*ORDER*

DEBORAH A. BATTS, District Judge.

The Court is in receipt of Plaintiff's Letter Motion, dated January 14, 2015 (Dkt. No. 73), and directed to Magistrate Judge Freeman, requesting leave to amend her Amended Complaint filed June 10, 2014 (Dkt. No. 53). Because this Letter Motion relates to Defendant's Motion for Summary Judgment, which is pending before this Court, Plaintiff's request and Defendant's argument relating to Plaintiff's request will be addressed together here.

In her Letter Motion, Plaintiff represents that the Amended Complaint contains a typographical error in the Prayer for Relief section, which no longer includes the prayer for actual damages on her Fair Debt Collection Practices Act (FDCPA) claim that had appeared in the original Complaint. Plaintiff asserts that the removal of this prayer for actual damages under the FDCPA was done in error when she added a claim for conversion. She states that the omission came to her attention through Defendant's Motion for Summary Judgment, filed on December 10, 2014.

In its Motion, Defendant argues that Plaintiff abandoned her claim for actual damages under the FDCPA by leaving it out of the Prayer for Relief in the Amended Complaint. (Dkt. No. 62, at 11–13.) In her Letter Motion, Plaintiff points to other references to actual damages in the Amended Complaint, including allegations in the Statement of Facts describing Plaintiff's actual damages, and a statement in the Causes of Action section for Count One, the FDCPA count, indicating that Plaintiff seeks exemplary, punitive, and actual damages. (Dkt. No. 53, ¶¶ 28–30, 38.) Plaintiff also asks for all other relief to

which she may be entitled. (Dkt. No. 53, ¶ 44(f).) Plaintiff now seeks to correct the typographical error in the Amended Complaint to clarify that she did not abandon her prayer for actual damages under the FDCPA. Defendant has not filed a timely opposition to the Letter Motion as required by Magistrate Judge Freeman's Individual Rules.

The Federal Rules of Civil Procedure make clear that amendments to pleadings should be granted freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). Furthermore, the Rules only require that pleadings contain a "demand for the relief sought," not that the demand appear in any particular section of the Complaint. Fed.R.Civ.P. 8(a)(3). The Rules further give District Courts the authority to fashion whatever remedies the facts and circumstances of the case dictate. Fed. R.Civ.P. 54(c); *see also* 10 Wright & Miller, Federal Practice and Procedure § 2662 (3d ed.2014). Defendant cites no authority refuting these principles, nor suggests any prejudice it would suffer if Plaintiff were allowed to seek actual damages despite its absence in the Prayer for Relief. Defendant has been on notice since the start of this action that Plaintiff sought actual damages on her FDCPA claim.

Because Plaintiff's Amended Complaint contains sufficient allegations regarding actual damages and a clear statement that Plaintiff seeks actual damages, Plaintiff's Amended Complaint, without further amendment, can be construed as not abandoning her claim for actual damages under the FDCPA. Defendant's argument that the absence of a claim for actual damages under the FDCPA would divest this Court of subject matter jurisdiction is moot. The remaining arguments on the Motion for Summary Judgment will be dealt with by separate Order.

SO ORDERED.